UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DEVIGILI,<br>Plaintiff,<br>v.<br>NANCY A. BERRYHILL,<br>Defendant. | Case No. 15-cv-02237-SI<br><br>**ORDER GRANTING MOTION FOR FEES**<br>Re: Dkt. No. 30 |

Now before the Court is plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Dkt. No. 30. Plaintiff's counsel served a copy of this motion on plaintiff. Dkt. No. 31. The government did not file a response.

Attorney Robert C. Weems represented plaintiff before this Court on appeal of his application for Disability Insurance Benefits under Title II of the Social Security Act. Plaintiff filed a motion for summary judgment and the Commissioner later agreed to voluntarily remand the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). Dkt. Nos. 19, 24. Pursuant to the parties' stipulation, this Court remanded the case to the Social Security Administration on January 20, 2016, and entered judgment in plaintiff's favor the following day. Dkt. Nos. 25, 27. On April 20, 2016, pursuant to stipulation, this Court approved an award of $4,250.00 in attorney's fees, costs, and expenses to plaintiff under the Equal Access to Justice Act ("EAJA"). Dkt. No. 29. On November 10, 2016, the Administrative Law Judge ruled in plaintiff's favor and awarded plaintiff past-due benefits totaling $76,391.00. Dkt. No. 30 at 1-2; Dkt. Nos. 30-2, 30-3. The Social Security Administration withheld $19,097.75 of the award, equal to 25 percent of the past-due benefits, in the event plaintiff's counsel were to petition for attorney's fees. Dkt. No. 30 at 1; Dkt. No. 30-4.

Plaintiff's counsel now seeks an award under 42 U.S.C. § 406(b) of $15,278.00 in attorney's fees, which represents 20 percent of the past-due benefits due to Mr. Devigili. Under the fee agreement between plaintiff and his counsel, plaintiff's counsel is to be paid a maximum of 25 percent of the past-due benefits for successful work performed. Dkt. No. 30-1 at 1. The fee award would be reduced by $4,250.00 in fees already awarded counsel under EAJA, to be immediately credited back to Mr. Devigili, for a net award of $11,028.00. The government has not objected to the fee request. In support of the motion, plaintiff's counsel has submitted a declaration setting forth counsel's customary billing rates, the fee agreement with plaintiff, the fully favorable decision after remand, notices of allowance and calculation of benefits to plaintiff, and an invoice.

Section 406(b) of the Act provides that when a plaintiff prevails on a judgment, the Court may determine a reasonable fee for the plaintiff's counsel, which can be no more than 25 percent of the plaintiff's entitlement to the total past-due benefits. 42 U.S.C. § 406(b)(1)(A). The Court must review counsel's request for fees "as an independent check" to assure that the contingency fee agreement will "yield reasonable results in particular cases." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808-09. In making its determination, the Court should consider the character of the representation and the results achieved. *Id.* at 808. An award of § 406 fees is offset by any award of attorney fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

The Court finds that the amount of fees sought is reasonable. As an initial matter, the Court finds that the fee agreement is within the statutory ceiling; the fee agreement between plaintiff and his counsel provides that if plaintiff received a favorable decision, plaintiff agreed to pay counsel a fee no greater than 25 percent of the past-due benefits he was awarded. Dkt. No. 30-1. The Court further finds that the work by plaintiff's counsel was not insubstantial; plaintiff's counsel was successful in having this matter remanded back to the Social Security Administration, which then awarded obtained past-due benefits as well as ongoing benefits. Plaintiff's counsel

and his legal staff spent 28.4 hours on the matter, for an effective hourly rate of $537.96. Dkt. No. 30-5 at 3. After review of the record, the Court finds that the requested attorney's fees are reasonable and do not constitute a windfall. *See Gisbrecht*, 535 U.S. 789; *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036-37 (N.D. Cal. 2003).

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for attorney's fees and awards fees in the amount of $15,278.00 pursuant to 42 U.S.C. § 406(b)(1)(A). The Court further directs the amount of $4,250.00, previously awarded and delivered to counsel under the EAJA, be credited to Mr. Devigili and offset against this sum, for a net total attorney's fee under § 406(b) of $11,028.00. The Commissioner shall pay the attorney's fees to plaintiff's counsel out of the withheld amount within 30 days of the date of this order.

**IT IS SO ORDERED**.

Dated: June 6, 2017

SUSAN ILLSTON
United States District Judge